**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ROLAND CUTRER, JR.** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **STATE FARM MUTUAL** | * | **MAGISTRATE:** |
| **AUTOMOBILE INSURANCE** | * | |
| **COMPANY as the Uninsured/** | * | |
| **Underinsured Insurance Carrier** | * | |
| **For ROLAND CUTRER, JR.** | * | |

**************************************************************************

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the docket of this Honorable Court.

Defendant respectfully submits:

1.

On January 8, 2020, Roland Cutrer, Jr. filed this lawsuit in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, bearing case number 20-0019 and entitled, *"Roland Cutrer, Jr. vs. State Farm Mutual Automobile Insurance Company as the Uninsured/Underinsured Insurance Carrier for Roland Cutrer, Jr."*. This suit is being removed

less than one year after the commencement of the action in State Court. (*See* **Exhibit A**, Petition for Damages)

2.

The lawsuit is a civil action brought on behalf of Roland Cutrer, Jr. seeking to recover damages for alleged personal injuries and other alleged damages incurred as a result of an automobile accident that occurred on or about January 24, 2018, in the Parish of Orleans, State of Louisiana. Plaintiff Roland Cutrer, Jr. has sued State Farm in its capacity as his uninsured/underinsured motorist carrier. (*Id.*) Plaintiff further alleges State Farm acted in bad faith and he seeks to recovers penalties and attorney's fees for this alleged bad faith. (*Id.* at ¶ VII)

3.

Defendants desires to have this case removed from the docket of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana, under the provisions of 28 U.S.C. 1332 and 1441 et seq.

This Honorable Court has original jurisdiction in this case based on diversity of jurisdiction under the provisions of Title 28, United States Code, Section 1332, and Title 28, United States Code, Section 1441 as the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and at the time of the commencement of the action, the lawsuit involved parties of different states.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States. . . ."

5.

Complete diversity exists between the parties:

a) Roland Cutrer, Jr., plaintiff, is a person domiciled in the Parish of St. Bernard, State of Louisiana;

b) State Farm Mutual Automobile Insurance Company, defendant, is a foreign insurance corporation with its principal place of business in Bloomington, Illinois.

6.

Plaintiff seeks to recover benefits under the State Farm UM policy issued to plaintiff, Roland Cutrer, Jr. The State Farm UM insurance policy issued to Roland Cutrer, Jr. provides $250,000 per person/$5000,000 per accident UM coverage, with $5,000 medical payments coverage limits. (*See* **Exhibit B**, State Farm insurance policy issued to Roland Cutrer, Jr.) Plaintiff claims a low back injury and exacerbation of a pre-existing neck injury as a result of the subject accident. (**Exhibit A**, at ¶ IV)

7.

On September 29, 2020, defendant deposed plaintiff, Roland Cutrer, Jr. (*See* **Exhibit C**, deposition transcript of Roland Cuter, Jr.) It was at this time plaintiff Roland Cuter, Jr. made a claim for lost wages as a result of this accident and claimed that he was forced to sell a home for income due to his alleged injuries and inability to work as a result of this accident. (**Exhibit C,** at page 33, lines 3-25; page 34, lines 1-25; page 35, lines 1-9; page 48, lines 7-25; page 49, line 1) Likewise, it was at this time plaintiff Roland Cuter, Jr. claimed that he was forced to undergo a new procedure, a radiofrequency ablation, for the alleged exacerbation of his pre-existing neck injury. (**Exhibit C**, at page 74, lines 17-25; page 75, lines 1-10; page 77, lines 1-25; page 78, lines 1-25; page 79, lines 1-18; page 80, lines 18-25; page 81, lines 1-4) Moreover, plaintiff Roland Cutrer, Jr. claimed that he had additional radiofrequency ablations on his low back and that Dr. Myers, his pain management physician, recommended a spinal stimulator in his low back. (**Exhibit C**, at page 74, lines 3-25; page 75, lines 1-2) He claims to have had multiple procedures on his low back, including at least one steroid injection, two nerve blocks, and three or four nerve burns/radiofrequency ablations. (**Exhibit C**, at page 76, lines 10-25; page 77, line 1) Plaintiff's medical records from Paradigm Health indicate plaintiff has past treatment consisting of two (2) lumbar epidural steroid injection; two (2) lumbar facet blocks; and six (6) lumbar radiofrequency ablations. (*See* **Exhibit D,** Paradigm Health records bates labeled 01 – 0193)(*See* **Exhibit E,** St. Tammany Parish Hospital records bates labeled 01-0105) Considering the above in connection with the plaintiff's new claims for lost wages; exacerbation of a neck injury now requiring a radiofrequency ablation; recommendation for a spinal stimulator; and

plaintiff's claims for penalties and attorney's fees, it is clear that the amount in controversy exceeds the jurisdictional amount of $75,000.

8.

This case is being removed within thirty (30) days of September 29, 2020, the date plaintiff was deposed, which is the first notice of the case becoming removable based upon plaintiff's deposition testimony regarding his alleged lost wage claim, additional procedures on his neck and back, and testimony that Dr. Myer's recommended a spinal stimulator for his low back complaints. (**Exhibit C**)

9.

While Defendant State Farm admits no liability nor any element of damages, Defendant met its burden of establishing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

## II. DEFENDANT SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

10.

The Petition for Removal is being filed less than one year after the commencement of the action in State Court and within thirty (30) days of plaintiff's deposition which indicates the amount in controversy exceeds $75,000.00, all in accordance with 28 U.S.C. 1446(b).

11.

Jurisdiction is founded in the existence of: (1) diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs and is between citizens of different States.

12.

The 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

13.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto and marked for identification as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff; and a copy is being filed with the Clerk of Court for the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. No other process, pleadings, or orders have been served upon defendant.

14.

No previous application has been made for the relief requested herein.

15.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** defendant, State Farm Mutual Automobile Insurance Company, prays that the above numbered and entitled cause of action on the docket of 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, be removed from said court to the docket of the United States District Court for the Eastern District of Louisiana, and for all other general and equitable relief.

Respectfully submitted,

Michele Trowbridge Barreca

**MICHELE TROWBRIDGE BARRECA (30974)**
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3838
Email: mbarreca@phjlaw.com

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on October 26, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Mr. Michael C. Ginart, Jr. (LSBA #18910)**
Law Offices of Michael C. Ginart, Jr. & Associates
2114 Paris Road
Chalmette, LA 70043
Telephone: (504) 271-0471
*Counsel for Petitioner, Roland Cutrer, Jr.*

I hereby further certify that a copy of the foregoing Notice of Removal has also been placed in the United States mail, with proper and sufficient postage affixed, addressed to:

The Honorable Darren M. Roy
34th Judicial District Court Judge
Division "D"
St. Bernard Parish Court House
1101 W. St. Bernard Hwy.
Chalmette, LA 70043

For filing in the state court action entitled "*Roland L. Cutrer, Jr. vs. State Farm Mutual Automobile Insurance Company, as the Uninsured/Underinsured Insurance Carrier for Roland Cutrer, Jr.*" bearing Case No. 20-0019, Div. "D," on the docket of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

MICHELE TROWBRIDGE BARRECA

4852-3333-4736, v. 1



231/941.3033